Good afternoon and may it please the court. My name is Dan Leonardi and I'm appearing on behalf of Bryan Williams. This case presents the question of whether a statute that permits a violation to be based on possession of one or more grams of crack cocaine is a controlled substance offense under the guidelines. Mr. Williams was convicted of being felon in possession of a firearm. He was not subject to the Armed Career Criminal Act. His guideline range, however, was based in part on prior controlled substance offenses, one of those controlled substance offenses that we have objected to and is the basis for this appeal. That conviction was under 4453-375-B. That provision of South Carolina law states that a person who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base in violation of the provisions of section 4453-370 is guilty of a felony. Although this court has addressed that provision of 4453-375 in the past, I don't believe it has had occasion to address the specific provision at issue in this appeal, which is the provision after the provision I just read and after the penalty provisions, which states that possession of one or more grams of methamphetamine or cocaine base is prima facie evidence of a violation of this subsection. Prima facie evidence is defined as evidence that will establish a fact or sustain a judgment unless contradictory evidence is produced. In other words, it's enough to sustain the conviction. The conviction at issue here is at paragraph 35 of the pre-sentence report. That's at page 117 of the joint appendix. Mr. Williams was originally charged with trafficking and the indictment specifically charged, among other conduct, that he did knowingly, actually, or constructively possess more than 10 grams, but less than 28 grams of crack cocaine, that's at the joint appendix at page 134. He did not, however, plead guilty to the indictment. He played guilty to a violation of 4453.375B. There is one Shepard document in the record. It's on the following page, joint appendix 135, and we submit that it is ambiguous because it reflects both that Mr. Williams was convicted of PWID crack cocaine, that is handwritten in, and also that he was convicted of a lesser included offense of the charge in the looking at the government's brief in this case, it would appear in footnote seven, this is on page 13 of the government's brief, that the government concedes that PWID is not a lesser included offense of trafficking based on the elements, and the Shepard document is in fact, ambiguous. Counsel, did you raise, did you raise this argument before the district court that it's not clear that your client actually pled guilty to possession with intent to distribute? Your Honor, in reviewing the record today, it did not appear that it got that far. The argument did not get that far at the district court level. And I think that the fallback argument and the argument that was made at the district court level, and I think it still holds now, is that regardless of which of the, assuming that we are, assuming in light of furlough, I know that furlough has been vacated, but in light of furlough, and these briefs were regardless of what the individual crime is, if in fact, the violation can be based on possession of one gram, one gram of cocaine or methamphetamine, then it's not necessarily, it's not important what specific crime it was. This provision is not... Mr. Lillardo, how does a clerical error make what your client pled guilty to possession with intent to distribute a drug? And there was, there's obviously a clerical error, but how does that create an ambiguous, make it ambiguous as to the fact he pled guilty to PWID? Well, Your Honor, I don't know that we can conclude that he did in fact plead guilty to a crime that has the elements of PWID. In this case, and in the briefing, the government has not set forth what the elements of PWID in South Carolina are. And what we've argued is that this special provision of this statute sets forth alternative elements that can lead to a conviction. So Mr. Williams may very well have walked into the courtroom and admitted that he possessed one gram or more of cocaine base, and that would have been sufficient to sustain the conviction under this provision. Counsel, can I just ask you a question about the form though? Absolutely. Because I've actually been seeing this pop up a couple of places. So in your view, assuming he did in fact plead guilty to possession with intent to distribute crack cocaine, as is written out on the form, what box was supposed to be checked? Were they supposed to check defendant Wave's presentment to the grand jury on the theory that he had in fact waived? Like what box do you think they should have checked? If it's not a lesser included offense, it's not what he was indicted for. So is this here to ensure that before you plead guilty to something, you've either been charged with it in your indictment or you have waived presentment? Is that what's going on? I'm just trying to figure out. Yeah. I don't know that I can answer the question definitively. I don't know that in every case, one of these boxes needs to be checked. It may be the case that it's possible for a defendant to plead guilty to something that is in fact, not a lesser included offense or in the indictment. If it is otherwise set forth on the sentencing sheet here, it is handwritten. And we don't, we don't deny that it is handwritten here. Possession with intent to distribute crack cocaine, first offense, just as, as an analogy in the Brandon case, Mr. Brandon, the North Carolina case was convicted of trafficking. So if he's convicted, it was called trafficking. And so we would submit that to the extent, even if you were to conclude that he was convicted of possession with intent to distribute crack cocaine, as is reflected on, on, on that two fields, two colon field, that that doesn't necessarily mean because of this special provision of the statute, that there was an element of that offense of intent to distribute. I just have one last question about the form and then I'll stop. If you're right about this argument that because of the prima facie evidence provision, you could be convicted of possession with intent to distribute based simply on possession, then doesn't that mean that in fact, possession with intent to distribute is a lesser included offense of trafficking? I mean, doesn't that, aren't your two arguments inconsistent? I thought the whole point of your argument that it's not a lesser included offense was because possession with intent to distribute requires intent to distribute, which you don't need in trafficking. But the whole point of your second argument is actually they're the same thing because you can be convicted of either one just based on possession. So which argument do you want to go with? Well, I think that both of them can be proven or somebody can be convicted based on possession alone. So to the extent that that means that it is a lesser included offense, there's still not the element of intent to distribute, it's possession alone. And so the conviction would not count. So as I was explaining, even if the court concludes that Mr. Williams was convicted of a crime called possession with intent to distribute, the branding case addressing North Carolina's trafficking case is very instructive here. In that case, the court acknowledged that the common sense definition of Just as the common sense, you would think that possession with intent to distribute would necessarily include an intent to distribute, but the court, this court in the branding case ignored that and said, it may very well be that North Carolina was considering the fact that the common usage of that term trafficking means that a person did intend to distribute it, but that's not made an element of the offense in the statute. And so we would submit that also in this case is not made an element of the by possession alone, certainly the general assembly could have set forth in this statute that possession of one gram or more constitutes evidence of a presumption of intent to distribute. And in fact, an adjacent subsection of this very statute, subsection D indicates that possession of manufacturing equipment gives rise to a presumption of intent to manufacture. This provision is different. It does not link to any particular element. It is linked to quote a violation. Mr. Leonardi, can I ask a question and you may have touched on this earlier and I missed it, but of course we don't have the plea colloquy in this case. We don't have a transcript of exactly what was said or not, but if I understand your argument correctly, you're saying that a defendant in South Carolina could admit to a judge that I possess a certain amount of, in this case, cocaine over the amount that establishes the statutory inference of possession with intent, never admit an intent to distribute and that alone would be enough to convict or accept a plea of guilty. Is that, is that right? Your Honor, based on the plain language of the statute, I don't know that we can say that it would not be accepted just as in North Carolina, an admission of would result in a conviction for traffic. I mean, I would imagine though that the judge in a plea would recite the elements and, but I suppose if he didn't want to admit the element of intent that a judge could still be, be within its rights to accept that, that plea is fully supported by the facts based on the, based on the statute. That's exactly right. And, and, and that's exactly right, Your Honor. And in the furlough case, of course, there was a plea transcript. Essentially, I guess the gold standard of a Shepard document because it sheds so much more light on what specific crime, assuming you have a divisible statute, the defendant was convicted of. But we don't have that here. We have one Shepard document, certainly as this court has seen in cases in the past. The South Carolina sentencing sheets sometimes leave much to be desired in terms of their clarity. And, and that has resulted in, I understand many cases coming to this court on appeal regarding the South Carolina statutes because Mr. Williams could have been convicted based on possession alone. And, and for all, we don't know what happened at that plea colloquy. And it, and it may be a totally different situation if we had a plea colloquy or other Shepard documents that shed light on it, but since we- Counsel? Yes, Your Honor. So the, and maybe this is why we're talking about a plea and not a trial, because it seems like the jury instructions, the standard jury instructions are very clear, right? That this is just a permissive inference and it doesn't relieve the state of the obligation to prove intent. And the jury is still going to have to find intent beyond a reasonable doubt. Would that not transfer over to the, I mean, I assume the same would be true when a judge takes a guilty plea, right? Well, Your Honor- I'm just having trouble squaring a reading of the statute with the, all I guess is my question. I understand the question. And, and I have seen pattern jury instructions that specify that this does give rise to a presumption. I know that is not in the, in the briefing. And that may be because that the South Carolina Supreme Court has removed the jury instructions that used to be the ones that were kind of the ones that everybody went to, to determine what the pattern jury instructions were. And so I don't know what pattern jury instructions are being used now. I know that I have seen in the past pattern jury instructions in South Carolina that have set forth that this provision gives rise to a presumption of an intent to distribute. Of course, we submit that that is in conflict with the plain language of the statute. Yeah. I'm looking at one that says this permissive inference does not relieve the state from actually proving beyond a reasonable doubt, the element of intent to distribute. But, but I mean, right. So, but you're saying to the extent that instructions say that it's inconsistent with the language of the statute. That's correct, Your Honor. Okay. And for that reason, we believe that this conviction should not count as a controlled substance offense that is base offense level, it should be lower. And the case should be, the conviction should be vacated and remanded for re-sentencing. Thank you, Mr. Lirinardi. Ms. Flynn, we'll hear from you. It may please the court. My name is Katherine Hollingsworth Flynn, and I represent Appelli United States of America in this matter. Your Honors, three things are clear in this case. First, Mr. Williams's underlying conviction was for possession with intent to distribute crack cocaine under South Carolina 4453-375B. Second, a conviction for South Carolina PWID under that statute requires the state to prove beyond a reasonable doubt an intent to distribute. And third, South Carolina PWID under that statute is a controlled substance offense under section 4B.1.2 of the sentencing guidelines. Because those three things are true, the district court did not err in enhancing Mr. Williams' sentence under section 2K2.1A2 of the sentencing guidelines. And this court should thus affirm the district court. Your Honors, there was no error, clear or plain, in the district court finding Mr. Williams' 2003 conviction was for PWID crack cocaine. The government bore the burden at sentencing to show by a preponderance of the evidence, the facts underlying that prior conviction that supported the sentencing enhancement. Under the higher clear error standard, substantial evidence supported the district's court finding that Mr. Williams' conviction was for PWID crack cocaine. As this court previously ruled. Ms. Flynn, can I ask a question? So if the defendant in this case had appeared before the trial judge and the court had read off the elements of the PWID offense that you just talked about and read the statutory inference that applies in this context, and the defendant had said, well, Your Honor, I admit that I possessed two grams of crack cocaine in this case, and that's all that I'll admit. And the court then looked at the statutory inference and said, that's all you need to admit, your guilty plea is accepted, and that's the colloquy that we have in front of us. Would you concede that that offense, applying the modified categorical approach and looking at the facts of that colloquy, that that would not be enough to make this a controlled substance offense? Your Honor, I think the language of the statute is clear that promephasia language is an evidentiary presumption. It does not negate the state's requirement to prove beyond a reasonable doubt, the elements of the offense, which are possession and intent to distribute. So if that fact applies- So let me ask, so if the state in this case, in a contested trial, that relied solely on that evidence to prove guilt, and the state had moved for a directed verdict, you think that directed verdict should be granted? If this, if all the state had proved was possession? Yes. I think that if the fact finder could not find beyond a reasonable doubt that there was intent to distribute, then that conviction could not be sustained, Your Honor. So the, so the, so the court should grant a directed verdict in that case is what you're saying? To the state? You're saying or to the defendant? To the court. To the defendant. Yes, Your Honor. Well, I don't mean to sandbag you here, because I don't know that, I don't think this case was cited by either party, but there is a Supreme Court case called Johnson versus State on those very same facts, and the site is 480 Southeast 2nd, 733, where the court denied a motion for a directed verdict by a defendant on the ground, on facts that showed simply possession. The court said that possession alone, given the statutory inference, was enough to allow that case to go to trial. So that I'm, I'm having a bit of trouble then understanding if that's the state of the law, how we can say that this is a controlled sub serious, a controlled substance offense sufficient for purposes of the enhancement. Your Honor, I think, again, that the evidentiary presumption is just that. It is merely an evidentiary presumption. The state must prove intent to distribute, as well as possession, in order to sustain a conviction, either a plea or a trial for PWIH. And I have not seen the case that Your Honor is citing to you, so I don't understand, I don't, sure, I understand. So, so go ahead. I, but I mean, read literally that language in the statute seems to suggest more than an inference. It seems to suggest that possession alone, and it is odd because it would seem strange that that would be enough, but, and I would agree with your this court and from the South Carolina Court of Appeals and Supreme Court cases that support the idea that this is a permissive inference that does not negate the state's obligation to prove beyond a reasonable doubt that element of intent to distribute. In this court in Marshall, this court found that South Carolina PEEWID marijuana and PEEWID marijuana within proximity of the school, both involved an element of intent to distribute. While Marshall concerned different subsections of statute than are at issue here, specifically subsection 370A1 and 445, those statutes track the same language as the statute at issue in this case, 375B, and this court in the furlough opinion, on page 326. Ms. Glenn, can I, sorry, I didn't mean to interrupt, but, so let's talk about what that language permissive statutory inference means, it would seem to me that what that, what that suggests is that if a jury or a fact, finder of fact could rely solely on the quantity of drugs involved in a particular case and find solely based on that quantity, that that's inconsistent with personal use, more consistent with an intent to distribute, and that that evidence alone, you know, based on the quantity of the drugs involved would be enough to make a case, you don't think that's a reasonable inference in a case that a jury could make? I don't think that that is the statutory language and what the statute requires in South Carolina. I think that it is an evidentiary presumption, but I don't think it negates the element of the crime. So it doesn't matter how many, go ahead, Judge Harris. No, no, no, you go, go, go Judge Diaz. So I don't mean to beat a dead horse, but it doesn't matter in your mind what the quantity of drugs that's involved, the state has to present something more besides quantity. In order to sustain a conviction for PWID under 375B, yes, the state must present that additional element of intent to distribute. I think that under the South Carolina, my apologies. No, I'm sorry. Cause I just wanted to make sure I understood. So you are not just saying that under North, I'm sorry, South Carolina law, the jury has to find beyond a reasonable doubt intent. You are saying that that cannot be based on quantity alone, even if the person has, I don't know my numbers, but a thousand kilos of a controlled substance. You're saying that prosecutor cannot go into court and say, come on, obviously distributing. There's going to have to be something else. Correct. Your Honor, I don't think possession alone meets the state's burden to prove PWID under 375 in South Carolina. And I think the South Carolina court of appeals and Supreme court cases are instructive in this regard. They tell us that 375B, this prima facie language we're talking about creates a permissive inference, but that a conviction for PWID does not hinge upon the amount involved. The court of appeals in James specifically said that the language we are talking about creates a permissive inference that possession of more than one gram of crack cocaine constitutes PWID, but a conviction of PWID does not hinge upon the amount involved. And then went on to say that the possession of any amount of controlled substance coupled with sufficient indicia of intent to distribute will support a conviction for possession with intent to distribute. And that is state versus James, which is cited in the briefs, state versus Robinson and state versus Brightman also cited in the briefs support that same concept that possession alone is not sufficient to sustain PWID. You must have meet that element of showing intent to distribute. Can I, can I ask you just another question about the statutory structure, which I'm struggling with? So this prima facie evidence provision applies to the entire subsection. So how would it work if you applied it to the first subsection of B? So say someone was being charged with manufacturing a controlled substance or methamphetamine. Is it still the case that possession of one or more grams would be prima facie evidence now of manufacturing? That just seems so odd. And your honor, I'm glad you asked that question because I think that is exactly one of the problems with the argument that appellant is making here is that that argument conflates possession, trafficking, and PWID and makes possession the basis of all of the violations in 375B, all of those potential crimes, and it cannot be that manufacturing or distribution are possession alone offenses. That the state need not prove more to sustain a conviction for manufacture or for distribution. 375B, as this court has recognized, contains multiple crimes with different elements. It criminalizes various types of conduct, but it explicitly does not criminalize mere possession. The South Carolina legislature knew how to criminalize mere possession. It did that in subsection 370C, and the South Carolina legislature also knew how to make possession the basis of a violation, possession of a threshold amount, we need not move far from the statute at issue in this case to get to precisely where the South Carolina legislature did that in 375C, where felony trafficking is defined as possession of a threshold amount. That is all the state need prove for trafficking. Possession with intent to distribute is a different offense and requires proving intent to distribute. Frankly, the 375C trafficking statute is the statute that is analogous to the Brandon case, raised in appellant's brief. And like that statute at issue in Brandon, the North Carolina trafficking statute, a violation of that statute is proved by possession of a threshold amount, and the difference between that and PWID under 375B in South Carolina, PWID requires the intent to distribute element. And that is why the Brandon case does not decide this case. In addition to the South Carolina cases, holding intent to distribute is an element of PWID. As I said, this court found in Marshall that PWID under two different, but the same intent to distribute, and this court noted in furlough on page 320 of that opinion, the similarity between the statute at issue in Marshall and the statute at issue in this case, and said that for our purposes, the sole distinction between the Marshall statute and this statute is that the former applies to all controlled substances and controlled substance analogs, while the latter specifically concerns methamphetamine and crack cocaine. Thus, the Marshall holding is instructive for the holding regarding the statute at issue in this case. I would also note- Counsel, can I just ask you, counsel, can I ask you just a quick question? It's to clarify in my own mind. So, I've seen all the cases and the jury instructions and everything saying that intent to distribute is indeed an element that must be proven beyond a reasonable doubt for PWID, but that seems to me to be, there seems to be some space between that and saying, and you can't prove it by reference to quantity of drugs possessed alone, but you were saying both things. It's a separate element. It has to be proven. It is not conclusive. It's not that if you're caught with, you know, whatever it is, one or more grams, it's conclusive. Absolutely. That counts as distribution. I think it is clear that the case law says, no, no, intent to distribute. You need the intent as a separate element, but you are also saying, and that element cannot be proven under South Carolina law by reference to the amount possessed alone. That is correct, Your Honor. I think that is what the South Carolina cases say. I think that there may be possession with intent to distribute of less than a gram. In fact, if Your Honor looks at the facts in this case as delineated in the PSR, Mr. Williams, the factual basis that led into his federal charge involved distribution of less than a gram. And then while on bond, he engaged in two additional controlled buys of less than a gram. Is there anything in the legislative history that explains what this provision is doing here? Was there an argument being made that, I mean, the only thing I can think of is, is it possible that there was an argument being made in some of these cases that the prosecution can't rely on the quantity of the drugs possessed, even in combination with other factors to show intent? Like you're just not allowed to allude to the quantity at all? I mean, is that, is that what this is here to say? That like, look, you have to prove intent and you are allowed to rely in part on the amount of the drug that was possessed? Your Honor, I think the South Carolina cases tell us that intent to distribute is a separate element that must be proven for this offense, that the amount involved alone does not prove that element. Ms. Flynn, I don't want to rain on your parade, but if you are charged with possession, with intent to distribute, the jury, first of all, you have to prove possession, second, you have to prove intent. One of the ways that you can prove intent is by using that permissive inference. And so I don't, if there's no other evidence other than that permissive inference, a defendant can still be found guilty in South Carolina. And Your Honor, I would say that the jury instructions are going to say there is this permissive inference. However, the state must still bear the burden to show beyond a reasonable doubt, both possession and intent to distribute. And the thing that you're proving beyond a reasonable doubt is the inference. You tell the jury, you may infer that if there's this quantity, there is intent to distribute. Now they don't have to accept that, but they often do. And that's all the evidence they got is there was possession and there was this amount of drugs. And the state over and over uses that inference to prove the case. Because often, for example, you find somebody riding down the road and they have the drug in their hands and they have the amount to meet the permissive inference and there's nothing else, I can promise you I've seen convictions. And Your Honor, I would say that, again, the instruction would be that you are required to prove beyond a reasonable doubt that intent to distribute. And I do not believe that the permissive inference language specifically says this amount is evidence of intent to distribute. It's an inference, it's an inference upon which a jury or a judge taken a plea. Can find beyond a reasonable doubt intent to distribute. No, it doesn't have to be anything more than that, than that drug weight. It is a permissive inference allowing for evidence of violation of a subsection. And that subsection encompasses far more than PWID as previously discussed. And so, Your Honor, we would say that the sentencing sheet in this case shows that Mr. Williams pled to 375B, pled to PWID crack cocaine. The CDR code, the South Carolina statutory code is consistent with that. And in sentencing, Mr. Williams never convicted, contested that his conviction was for PWID crack cocaine. And the government several times put forth the argument. Your Honor, I think that there is no argument here that Mr. Williams was convicted of PWID crack cocaine. Counsel, I mean, I, I agree that it doesn't look like it was raised below. But can you just tell me what's going on with this sentencing sheet? Why did they check lesser included offense? What should they have checked? What's, what's going on here? Your Honor, I believe that under different subsections, not at issue here. PWID is specifically considered a lesser included offense of trafficking. I think here that may have been a clerical error. But I do not think that undercuts the preponderance of the evidence that the government met at sentencing to show that conviction. I mean, I think that, I think that might be right. I would just say that I've seen a bunch of cases recently where, much like this, where lesser included offense is checked and it probably shouldn't have been. And I just wonder what's going on and maybe someone should do something about this because this may not be the right case to get to the bottom of it because I don't think it was raised below and so the district court didn't have a chance to address this. But I am sort of concerned and both that just questions are going to keep coming up. Perhaps needlessly if this is just a clerical error. That perhaps people are supposed to waive presentment if they're about to plead guilty to something for which they haven't been charged and they're not. So it just seems like maybe someone ought to sort this out. I don't know if you're in a position to do that. But I just raise it as a concern that maybe could, could be taken to someone in a position to try to figure out what's going on here. Because this is coming up an awful lot these days. I understand that concern. May I have a moment just to finish out my argument, your honor? Well, you can respond to Judge Harris' concern and briefly wrap up. Certainly. Thank you. Your honor, I agree. I think that this, this sentencing sheet may have a clerical error. I do not think that what Mr. Williams pled guilty to is ambiguous. I do not think that the government did not meet its burden. And I think there is substantial evidence showing that Mr. Williams, in this case, pled guilty to pee weed, crack cocaine. Because that crime under South Carolina law requires showing both possession and intent to distribute. I think it qualifies as a controlled substance offense under the guidelines. And therefore, we would ask this court to affirm the district court. All right. Thank you, Ms. Flynn. Yes. Mr. Linardi, you've got some time for rebuttal. Could you start with the question that Judge Harris asked about this statute, which is strange in a great many ways, but not the least of which is that she doesn't have a sense in the context of the other ways in which you can violate the statute. Frankly, when I read it, I, I just assumed that the legislature was focusing on, focusing in on possession with intent to distribute, and that's where the inference logically should apply. But it doesn't seem to, suppose you could read it differently. Well I, I agree that it seems to more naturally fit with some of the specific means or crimes delineated in the statute. I think that it could fit with purchase, that's one of them. Somebody in possession of this quantity of a controlled substance could be charged as to, that they purchased a controlled substance. And, and this provision would make more sense in that context. I know that in the Brandon case, at the end of the case, the, this court talks about that, that the presumption that the government argued for there could be associated both with manufacturing or distributing. So the quantity there, they said, could lend itself perhaps, or at least the government argued, would lead to a presumption of manufacturing. I, I have to acknowledge the statute is maddening on several levels, and it doesn't appear that this particular provision fits naturally with all of the various crimes that are delineated there. But it, it does appear to work with several of them. And the plain language of this provision, and that's what I'd like to refocus on in closing, it, it does not mention a presumption, and it is not associated with any particular crime, it says a violation. So it refers to the entire subsection. And when we look at the teaching of Brandon, you know, the fact that it doesn't have a, a connection to any crime, and it doesn't mention presumption, should we interpret it as having that, even though it's contrary to the plain language of it? Should we interpret it that way? In the Brandon case, which dealt with a threshold amount of 28 grams, this court went in, in, in, at length about how 28 grams is not a reasonable amount that should lead to a presumption of distribution or intended distribute or anything like that. It's simply not enough. And in this case, the threshold- But, counsel, can I, can I, this will help to clarify it for me. But in Brandon, if I'm remembering right, intent to distribute was not a statutory element. It didn't have to be proven to the jury. Didn't have to be found beyond a reasonable doubt. So, just hypothetically, what if I think that the best reading of this provision is that this case is different from Brandon. You have to prove intent beyond a reasonable doubt. And the fact of possession of one gram or more is not going to relieve you of that burden. You're not allowed to say, you don't have to find intent. It's still an element that has to be found by the jury. But, if the jury wants to, it can find beyond a reasonable doubt that there was intent to distribute based only on the amount of the drug in question. If that's the situation, it's still an element that has to be found beyond a reasonable doubt, but what evidence the jury uses to find it might boil down to the quantity of the drug. If that's what's going on, is that a categorical match or not? Because I could understand an argument that that's still a categorical match, because that's a very formal inquiry. We just look at the elements, and if the elements match up, we're fine. And now intent is an element. And who cares how the jury, what the jury relies on to find it? All the categorical approach asks is, is there a match between elements? The answer to that, Your Honor, in all candor is yes. That that would be a categorical match. In this instance, we argue that it does not give rise to that presumption. And I know, certainly, the government's best arguments here are based on the jury instructions that you mentioned, Judge Harris, and the South Carolina cases that, in dicta, not really being confronted with what- Mr. Leonardi, I'm sorry. What does a presumption have to do with it if, in fact, it's a categorical match? I'm not following that. I understood the question to be, if it does give rise to a presumption and a jury would have to find the element of intent to distribute, if that is the case, is it then a categorical match? And my answer to that was, yes. If it does give rise to that presumption and the jury is still required to find an intent to distribute, which we submit as contrary to the plain language of  your argument turns on, your argument is intent is not an element of this crime. The jury does not have to find intent to distribute beyond a reasonable doubt. That's exactly right. The offense is called PWID, just as in Brandon, it was called trafficking, but the element does not exist because of this clear statutory language. And without a statute, without statutory language that invites what the English says that there is a presumption or says that this is a stand-in, this provision is a stand-in for PWID, one of the crimes delineated above, assuming that the furlough analysis is accurate, then, in that instance, we look at, is it reasonable for us to then impose a, to create an inference there? And in light of the threshold amounts and the teaching of Brandon, we would argue that it's not reasonable. Mr. Leonardi, so let me ask just one additional question. So in either case, whether it be a guilty plea or a jury trial, a South Carolina judge in reciting the elements of this offense would have to recite at least two elements, right? A possession of a certain amount of, well, not even a certain amount, possession of a narcotic that fits within the statute and intent to distribute. So are you saying, no, that's not the way this works? That's exactly right. We're saying that the judge would have to, would instruct on the plain language of the statute, which is that you can find these elements delineating the normal elements of possession with intent to distribute, or there's a shortcut, essentially, or you can base your conviction on the portion of the statute that states that possession of one gram or more is prima facie evidence of a violation of the subsection. If that's the case, then a jury could find, based on evidence of possession of one gram or more, that a violation is present and that the person is convicted. In that instance, they would not need to find the element of intent to distribute. Okay. Either one of my colleagues have any additional questions for Mr. Lianardi? No, sir. All right. All right. The case has been submitted. Thank you both, counsel, for your arguments here this afternoon. We appreciate your being here under very unusual circumstances, and we would typically come down from the bench and greet you personally.       Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.    Thank you. Thank you. Thank you. And we are grateful, nonetheless, for your helping us in resolving this interesting case. With that, the Court stands adjourned. Sinidad. Madam Clerk? The Honorable Court stands adjourned. Sinidad God save the United States and this Honorable Court.
judges: Albert Diaz, Henry F. Floyd, Pamela A. Harris